FREEMAN & WISE *vs.* JACOB H. TOPKIS & WILLIAM SIMMONS, Sheriff.

New Castle County, November Term, 1893.

**Sale. Rescision.**—A sale once made in good faith, and the goods delivered thereunder, vests in the vendee an indefeasible title, and the vendor cannot retake the goods in specie, but must sue for the contract price thereof should they not be paid for.

**Same. Fraud.**—Where a contract for the sale of goods is induced by false and fraudulent conduct or representations, the vendor may rescind the contract of sale and reclaim the goods.

**Fraud.**—In the case of a sale alleged to have been induced by fraudulent conduct or representations, what constitutes fraud is a question of law for the Court. Whether the fraud was actually committed is a question of fact for the jury.

**Sale. Rescision. Fraud. Insolvency.**—Mere insolvency of the buyer, though well known to himself and by him concealed from the seller, does not in itself furnish sufficient ground for rescinding a contract of sale.

**Evidence. Fraud.**—The great latitude permitted in the introduction of evidence to prove fraud imposes upon the jury a correlative duty of close scrutiny and careful sifting of the proof.

**Same.**—Fraud is never presumed but must be clearly established by evidence and the burden of proof is upon the party charging it.

This was an action of replevin for goods which had been sold by the plaintiff to the defendant, Topkis, who, shortly after receiving the goods and before payment therefore, became insolvent, and the plaintiff claimed the right to rescind the contract and retake the goods, upon the ground that the sale was procured, as they alleged, by false and fraudulent representations which gave them the right to rescind the same.

Evidence was offered on the part of the plaintiff of transactions with other parties about the time of the alleged sale for the purpose of showing purchases from several persons while the defendant was, in fact, insolvent, the purpose being to show by a general course of dealing at the time a fraudulent intention. This evidence was objected to by *Davis*, for defendant, who cited *Myers vs. Waples*, 3 Houst. 619.

*Cooper*, for the plaintiff, contended that it was admissible to prove general fraudulent conduct about that time; Morris, Replevin 190; 3 Wait, Act. & Def. 447; *Rowley vs. Bigelow*, 12 Pick. 307; *Hoxie vs. Home Ins. Co.*, 32 Conn. 21; *Eastman vs. Premo*, 49 Vt. 354.

The evidence was admitted.

*Sanborn*, for the plaintiff. The transaction should be scrutinized in the light of all the facts proved with respect to the dealings of the defendant at the time of the sale and afterwards. And if they are found to have been inconsistent with fair dealing there was a right to rescind the contract; Carr, Fraud, 384; *Saunders vs. Clark*, 6 Houst. 463.

A fraudulent purpose may be inferred by the jury from (1)

Argument for Defendant.

false representations as to solvency; Benj. Sales, 2nd Ed. 359; (2) fraudulent concealment of his insolvency; *Donaldson vs. Farwell,* 93 U. S. 631; (3) his intention not to pay for the goods as gathered from all the facts and circumstances proved with respect to the time of the sale; *Rowley vs. Bigelow,* 12 Pick. 311; *Jeffrey vs. Brown,* 29 Fed. Rep. 476.

*Lyman* and *Davis,* for defendant. Fraud is never presumed, and in order to establish it there must be satisfactory proof of false statements, known to be such at the time they were made, which operated upon the mind of the other party and caused him to part with his goods; *Clayton vs. Cavender, Post.*

In the absence of substantial proof of fraud the vendor cannot rescind the sale; *Cross vs. Peters,* 1 Greenl. 378; *Mears & Son vs. Waples,* 3 Houst. 621.

Mere insolvency of the buyer, though known to himself and concealed from the seller, is not of itself sufficient; *Bell vs. Ellis,* 33 Cal. 620; *Smith vs. Murphy & Co.,* 21 Pa. 367. The fraud must have existed in the mind of the purchaser at the time of the sale; *Fulton vs. Loftis,* 63 N. C. 393.

A mere intention on the part of the buyer not to pay will not avoid the sale after the delivery of the property sold; there must be artifice intended and fitted to deceive; *Rodman vs. Thalheimer,* 75 Pa. 232. The fraud of the buyer practiced upon the seller which will avoid the sale must be acted, not thought; *Bell vs. Ellis, supra.* Nor will insolvency avoid the sale after delivery; *Lupins vs. Marie,* 6 Wend. 77, 81; *Musser vs. Oliver,* 21 Pa. 367. The fraud must have been relied on and and the sale induced by the fraud; *Gregory vs. Schoenell,* 55 Ind. 101.

LORE, C. J. (charging the jury).

On the 15th or 16th day of September, 1891, Freeman & Wise, the plaintiffs, who were then merchants of the city of Philadelphia, State of Pennsylvania, sold and delivered to Jacob H. Topkis, one of the defendants, who was then a merchant, doing

business at New Castle, in this State, a bill of goods amounting to $240. Early in December of the same year the plaintiff sued out a writ of replevin, and thereunder took from said defendant, Topkis, $165 worth of the goods so sold (being all that they could identify then in the store of the defendant), claiming that they had the right to do so, because the sale was effected through the fraud and fraudulent representations of Topkis, who being then, as they claim, insolvent and not intending to pay for the goods, falsely represented to them that he was in debt only in a small amount and had a good business and stock, and was about to move into a larger store. Being so deceived and defrauded by him, they rescinded the contract of sale and took back so much of the goods as they could find.

Under that writ they recovered the goods named therein, and now ask your verdict for the nominal damages of six cents, which will carry costs.

Jacob H. Topkis, the defendant, on the other hand, denies every allegation of fraud, and claims that the sale was made in the ordinary course of trade, like other transactions theretofore had with the said plaintiffs; with whom he had theretofore dealt some seven or eight years; that there was no fraud or misrepresentation whatever on his part. He therefore claims at your hands a verdict of $165, being the value of the goods which he alleges the plaintiff wrongfully took from him under this writ of replevin.

The question for you therefore is, Who had the right of property in the goods replevied? This depends entirely upon whether there was fraud as alleged at the sale in December.

Unquestionably the goods were sold and delivered to Topkis by Freeman & Wise in September, and they could not lawfully retake them from Topkis in replevin after the delivery to him, unless the sale was so tainted by the fraudulent conduct of Topkis as to give them the right to rescind the contract of sale and reclaim the goods. A sale once made in good faith and the goods delivered thereunder vests in the vendee an indefeasible title, and the vendor

cannot retake the goods in specie, but must sue for the contract price thereof should they not be paid for.

Was there such fraud then on the part of Topkis at the sale in September as to make voidable at the option of Freeman & Wise the said sale? This is the single issue to be by you determined.

What constitutes fraud is a question of law for the Court. Whether the fraud was actually committed is a question of fact for you.

If you are satisfied from the evidence in this case that at the time of the sale in Septemberr, 1891, Topkis made false representations to Freeman & Wise in respect to his solvency and his business, knowing them to be false, for the purpose of effecting such sale, and Freeman & Wise were thereby induced to part with their property, this would constitute such fraud as to avoid the sale at the option of the vendors.

In like manner the sale would be voidable if you believe at that time Topkis fraudulently obtained the goods with an intention never to pay for them.

Mere insolvency of the buyer, however, though well known to himself and by him concealed from the seller does not in itself furnish sufficient ground for rescinding a contract of sale; *Mears & Son vs. Waples*, 3 Houst. 621.

A purchaser may know that he is insolvent, and may not disclose the insolvency to the vendor, hoping and believing in good faith that he will be able to pay the bill thus contracted, and the law presumes that he purchased in good faith unless proved otherwise.

In ascertaining whether such fraud entered into the contract of sale in September, 1891, you are to take into consideration all the facts and circumstances surrounding this case and which have been admitted in evidence.

Evidence of fraud is generally circumstantial, not positive and direct. Men rarely proclaim their purpose to commit fraud. In the language of the late Chief Justice Comegys in *Sanders vs.*

*Clark*, 6 Houst. 463, "One rarely enters upon a career of fraud with respect to creditors, without endeavoring to forecast and provide against circumstances and occasions likely to expose his artifice; it is generally extremely difficult to obtain the necessary proof to sustain a proceeding to defeat it, and when obtained it is found in a vast majority of cases to consist of a multitude and variety of isolated facts."

Chief Justice Gilpin, in *Mears & Son vs. Waples*, before cited, tersely says: "The law abhors fraud of every nature and description, and will unkennel and expose it whenever it can be found, no matter how many or what may be the character of the disguises which surround it."

Because fraud must generally be proved by circumstantial evidence, courts of law have given the widest latitude in the admission of evidence, which tends to throw light on alleged fraudulent transactions. For this reason in this case we have admitted the dealings of Topkis, of a like character, with other men than the plaintiff, which seemed to be connected with or to throw light upon this transaction. This very latitude of evidence, however, imposes upon you the duty of closest scrutiny. Where fraud is charged the law throws the door of evidence wide open that fraud may be unearthed; but it demands that the latitude thus given shall be met with convincing proof of the charge. The law will permit no one to be convicted of fraud until he is proved guilty.

The burden of proof is upon the party charging fraud. "Fraud is never presumed to exist; on the contrary it must be clearly established by the evidence. For where the circumstances attending the transaction are of a doubtful character merely, or raise but a bare suspicion of fraud in regard to the party charged therewith, they will not be sufficient evidence of the fact. The circumstances relied on must be of such a nature as to raise more than a suspicion of fraud; they must be of such significance and force as clearly to establish the fact in the judgment of the jury. It is not necessary, however, that the proof should be direct and positive, it will be sufficient if the circumstances disclosed by the

evidence manifestly show that fraud has been practiced by the party ; " *Mears & Son vs. Waples,* 3 Houst. 619.

Apply the law as the Court have laid it down to you to the evidence in this case.

If you are satisfied from the evidence that at the time of the sale and delivery of the goods Topkis wilfully misstated his condition to Freeman & Wise, with intent to deceive them and to effect the sale, and that they were induced to part with their goods by such false statements, or even if no such false representations were made, still if you are satisfied that Topkis did then fraudulently procure the goods with the then intent not to pay for them, in either case you should find for the plaintiffs and assess their damages at six cents ; inasmuch as they have retaken their goods and will thus have their right thereto confirmed.

If, however, you believe that there were no such false representations made, or if made that they did not induce the plaintiffs to sell, or if you believe Topkis did not fraudulently buy the goods with intent never to pay for them, but bought the same in the ordinary course of trade, as he had theretofore dealt with the plaintiffs, then your verdict should be for the defendant, and you should assess his damages at $165, being the value of his goods, which, in that view of the case, the plaintiffs wrongfully took from him by the writ of replevin in this case.